Syndrome has occurred. This cause of action is asserted against defendants Burns and Marsh.

7. For Plaintiff's Fourth Cause of Action, Plaintiff alleges violation of **AS 25.24.150(c)(6)** against the Defendants.

8. For Plaintiff's Fifth Cause of Action, Plaintiff alleges violation of The Visitation Rights Enforcement Act of 1998, The Full Faith and Credit Clause of the United States Constitution and the Parental Kidnapping Prevention Act [PKPA].

9. For Plaintiff's Sixth Cause of Action, Plaintiff alleges violation of **AS 25.20.140**.

10. For Plaintiff's Seventh Cause of Action, Plaintiff alleges violation of **AS 25.20.110(a)** insofar that both defendants Burns and Marsh methodically and willfully modified the court's order as they saw fit without moving the court to secure an appropriate order under the statute, *supra*.

11. For Plaintiff's Eighth Cause of Action, Plaintiff alleges imminent irreparable harm should reunification, as ordered by the Court, not occur between the Plaintiff and his children.

-3-

Ex A A-05-117 CV
pg 3 of 9

12. Plaintiff affirms that the IRS lawfully and legally recognized the tax exemptions concerning the minor children as specified in the court's order in civil case 3 PA-98-157 CI and as awarded to the Plaintiff as legitimate, legal, and binding even though the Court reneged on enforcing its own order to the extent that the IRS issued a rebate check for tax year 2002 to the Plaintiff as directed by the Court.

13. Plaintiff affirms that Child Support Enforcement Division [CSED] in Anchorage, Alaska validated the court order in civil case 3 PA-98-157 CI as legal and binding on September 10, 2002 to the extent that CSED was willing to furnish the Plaintiff with identifying information as long as Ms. Burns failed to provide CSED with a legal reason for not complying with the Court order even though the Court reneged on enforcing its own order.

14. That on November 22, 2002 -- Plaintiff was mailed a letter from Darrell J. Watson, Child Support Specialist II documenting that he did NOT violate AS 25.27.275 and that CSED will release identifying information because the facts do not show that the children's or custodian's health, safety, or liberty would be at risk.

15. Defendant failed to show any violation of AS 25.27.275 or 15AAC 125.860

-4-

Ex A A-05-117 CV
pg 4 of 9