Dexter Ivie
P.O. Box 299073
Wasilla, Alaska 99687

(907) 232-4562



RECEIVED
MAR 0 9 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE ALASKA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| Dexter Ivie, ) | |
| ) | |
| Petitioner ) | |
| ) | Affidavit Format |
| v. ) | Facts are Sworn. |
| Jennifer Burns, fka ) | |
| Jennifer Ivie, fka Jennifer ) | |
| Pharr, fka Jennifer Coffman ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

CASE NO. A-05-117-CV ~~(JWS)~~ *TmB*

### OPPOSITION TO MOTION TO DISMISS/SUMMARY JUDGMENT

Dexter Ivie, Pro se, respectfully requests that the Court
disaffirm the defendant's motion on legal grounds as well
as in equity as stated in the arguments before this Court.
At issue before this Court is (1) Personal jurisdiction
over Jennifer Burns, (2) Subject matter jurisdiction
pertaining to the PKPA and (3) the Rooker-Feldman doctrine.

## I. **Introduction:**

For the past eight years Dexter Ivie has not seen his children and has had no contact with them whatsoever. His visitation rights have been annulled and his Parental rights have been terminated *de facto* by his former spouse, Jennifer Burns, as well as a court system that has gone amok.

Dexter has a valid court order from Judge Cutler requiring Jennifer to inform Dexter of her CURRENT address and telephone number. She has repeatedly ignored Judge Cutler's order bouncing from state to state while concealing Dexter's children from him. Process servers have been unable to locate her, data bases have outdated information on her, and NO Court on this planet is willing to accept legal RESPONSIBILITY for enforcing Judge Cutler's order! Every wrongdoer eventually gets caught. "You can run but you can't hide."

Dexter will show that this court has personal jurisdiction over the defendant, subject matter jurisdiction as it relates to kidnapping, that the Rooker-Feldman doctrine is inapplicable to this case, and that Dexter has asserted a valid cause of action with the right to cure any defects in

-2-

the pleadings through filing an amended complaint.

## II. **Procedural Standard:**

Federal Rule of Civil Procedure 56(c) states the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Dismissal on summary judgment grounds is inappropriate because there has been no discovery in this case. The defendant's assertion for dismissal on the ground that a cognizable cause of action has not been filed or failure to state a claim upon which relief can be granted is unfounded. Kidnapping can be inferred throughout the text of Dexter's petition.

Federal Rule of Civil Procedure 15(a) states "leave shall be freely given when justice so requires." In Dexter's case, justice is long overdue. The Court must allow Dexter ample time to file an Amended Complaint. Accordingly, dismissal on that ground is unwarranted. Dexter will argue

-3-

Both personal and subject matter jurisdiction before this Court.

### III. Discussion:

In the text of Mr. Conard's arguments, he made several erroneous statements. Most notably, his allegation that Dexter was circumventing Judge Cutler's order. This is a falsehood. Dexter could not locate Jennifer and never knew where his children were located. He **did comply** with Judge Cutler's order by filing a petition and motions in the Leavenworth County Courthouse but the court would not accept jurisdiction or even entertain his petitions and motions. Dexter wrote a letter to the judge pleading his case for the court's understanding. See [Exhibit 1]. Interestingly, Jennifer has been allowed to blatantly violate Judge Cutler's order without impunity for the past eight years.

On page 4, ¶2, lines 5-7 of Mr. Conard's argument he states verbatim: "Of course, what Plaintiff has failed to do is proceed as Judge Cutler advised, that is, to move to the state in which the children are residing and seek the aid of that state court in rehabilitating his relationship with his children." This is an oxymoron. Mr. Conard is way out

**-4-**

Line.  Need Dexter remind him that he must abide by Alaska

Bar Rules and and the Rules of Professional Conduct. As a

matter of right, Dexter has the right to live where he

chooses.  If he chooses to live in Alaska, he maintains

that right.  No one and no court can take that right away

from him.  Dexter thought Jennifer was living in

Leavenworth, Kansas.  Apparently, she was for awhile.  A

process server located her and threw Dexter's summons and

complaint at her feet because she would not accept the

process.  Once located and served, Jennifer disappeared and

the same process server that previously served her could

not locate her.  See [Exhibit 2].  Referring back to

Mr.Conard's statement **supra.**    Judge Cutler did not

dispense advice to Dexter, she merely pointed out an

alternative for Dexter to consider and consider, he did.

Dexter has several serious medical problems such as lung

problems, high blood pressure, diabetes, etc. coupled with

very limited financial resources.  These factors, standing

alone, would prohibit Dexter from leaving Alaska.  *In

arguendo,* if these factors were non-existent, how would

Dexter know where to move when Jennifer has NEVER informed

him of her current address and telephone number? This fact

makes Mr.Conard's statement an oxymoron.    Did  Jennifer

-5-

Inform Dexter of her current address and telephone number in Hawaii?  The answer is NO!  How long has Jennifer been living in Hawaii?  The Court does not know. Does she have a Hawaii driver's license?  Is she registered to vote in Hawaii?  The Court does not know.  Has she met the minimal residential requirements per the UCCJA and the UCCJEA?  The Court does not know?  If she hasn't met these requirements, then the jurisdiction may be in the state she lived prior to moving to Hawaii.   The Court must allow this case to continue for Discovery to transpire and to obtain answers to these questions.   For good comparisons of the workings of the UCCJA and the PKPA the court is referred to **Murphy v. Woerner**, 748 P.2d, 749 (Alaska, 1988).

### The Rooker-Feldman Doctrine is inapplicable in this case.

Some courts have held that the Rooker-Feldman doctrine will not apply when the party had no "reasonable opportunity to raise his Federal claim in state proceedings."   **Wood v.Orange County**, 715 F. 2d 1543, 1547(11th Cir. 1983), cert. denied, 467 U.S. 1210, 104 S. Ct. 2398, 81 L. Ed. 2d 355 (1984).   Dexter had no reasonable opportunity in Judge Cutler's court and in Judge Rinder's court being denied the

-6-

Full measure of due process to bring forth his Federal claim in either of the state forums.    That Federal claim being the kidnapping and intentional concealment of his children by his former spouse.

The Rooker-Feldman doctrine does not apply to the court's consideration of a "Federal claim alleging a prior injury that a state court failed to remedy." See **Long v. Shorebank Dev. Corp.**, 182 F.3d 548 (7th Cir. 1999)(quoting **Centres, Inc. v. Town of Brookfield**, 148 F. 3d 699, 702 (7th Cir. 1998) This fact is evidenced throughout Dexter's Kansas case with Judge Gunnar Sunby, Case No. 2003 DM 741. see [Exhibit 3].    The doctrine does not apply if the Plaintiff presents a claim that is independent of a state court's decision. **Id.** At 548 or if the Plaintiff did not have reasonable opportunity to present his Federal claim in state court.    **Wood v. Orange County,** 715 F.2d 1543 (11th Cir. 1983) Holding that Rooker-Feldman does not apply to claims that state law does not allow a plaintiff to raise even if the claims touch upon the state court claim.

Dexter does not seek judicial review of a state court's final judgment. The Court will enlarge on its discussion of the Rooker-Feldman doctrine. The doctrine can be distilled to a two prong test: (1) whether the state court's proceed-

-7-

Ings were judicial in nature, and (2) if so, whether the Plaintiff's claims seek direct view of the state court decision or are so inextricably intertwined with the state court proceedings as to make the adjudication of the Plaintiff's claims an impermissible review of state judicial proceedings which would make the matter an original proceeding. See **Leaf v. Supreme Court of State of Wisconsin**, 979 F. 2d at 596; **Facio v. Jones**, 929 F. 2d at 543; **McCready v. Illinois Board of Admissions to the Bar**, No.94-C-3582, 1995 WL 29609, 1995 U.S. Dist. LEXIS 791 (N.D. III. Jan. 24, 1995).

The first prong of the test is easily answered. The second prong of the test shows otherwise. We can see upon reading Dexter's opening petition [1] that he meets the requirements for this two prong test. Secondly, the issues presented before this Court by Dexter are "inextricably intertwined." There is a meshing of the PKPA, the actual kidnapping of the children, the UCCJA, and Jennifer's non-compliance with Judge Cutler's order.

Dexter further argues that the Rooker-Feldman doctrine does not apply when only state court interlocutory decisions are

-8-

---

[1] Filed with the Court on May 25, 2005. Refer to the two prong test for the PKPA starting on the bottom of p.4 and concluding on page 5, ¶ 1.

At stake. See **In re Meyerland Co.**, 960 F.2d 512, 516 (5th Cir. 1992). Judge Cutler's and Judge Ridner's orders are interlocutory because the merits of the case have not been adjudicated and the outstanding motions have not been ruled by any court.

There is another exception to the Rooker-Feldman doctrine. When a Federal Court finds that the state-court decision was rendered in the absence of subject matter jurisdiction or tainted by due process violations, it may declare the state court's judgment void *ab initio* and refuse to give the decision effect in the Federal proceeding. **International Longshoremen's Association v. Davis**, 476 U.S. 380, 392 (1986). Also see, **World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980)**.

Black's Law Dictionary[2] defines due process of law as "a course of legal proceedings according to those rules and principles which have been established in our systems of jurisprudence for the enforcement and protection of private rights." "Aside from all else, 'due process' means fundamental fairness and substantial justice." **Vaughn v. State**, 3 Tenn. Crim. App. 54, 456 S.W. 2d 879, 883. Dexter's private rights were, in no way, enforced in either

**-9-**

---

[2] Sixth Edition, pages 500-501.

Of the state court proceedings.   Furthermore, neither Judge
Cutler or Judge Rinder afforded Dexter fundamental fairness
and substantial justice. (Emphasis added). The outstanding
motions prove this point.

## The Court has Subject Matter Jurisdiction

Federal question jurisdiction is a term used in the United
States law of civil procedure to refer to the situation in
which a United States Federal Court has subject matter
jurisdiction to hear a civil case because the plaintiff has
alleged a violation of the Constitution, laws, or treaties
of the United States.   In this instance, Dexter has alleged
a violation of the PKPA.

28 U.S.C. § 1331 states the following: "The district courts
have  original  jurisdiction  of  all  civil  actions  arising
under  the  Constitution,  laws,  or  treaties  of  the  United
States."

## The Court has Personal Jurisdiction over the defendant.

A  party's  activities  within  a  state  can  provide  the  basis
for that state to have jurisdiction over that party.    The

-10-

Supreme Court has held that the state can properly assert jurisdiction based on a party's "purposeful availment of the benefits and protections" offered by a state.    In this instance, Jennifer has maintained a nexus to the State of Alaska since January 8, 1999 see [Exhibit 4] in the form of consistent and continuous acceptance of child support payments from the Child Support Services Division (CSSD). In fact, her nexus to this activity within the State of Alaska was and continues to be of a continuous and systematic nature. See **Helicopteros Nacionales De Columbia v. Hall**, 466 U.S. 408 (1984) upholding the continuous and systematic nature of a party's activities within a given state.    Furthermore, a secondary nexus exists through Judge Cutler's order which allowed Jennifer to leave the State of Alaska as well as to comply with specific directives from the court.    Jennifer has never filed a motion to show cause for modifying Judge Cutler's orders.    As of today, the Palmer court order is binding on Jennifer and establishes her continual nexus to the State of Alaska.

As previously stated, Dexter maintains his right to file an amended complaint to cure any defect in the pleadings. Mere presentment of information to the trial court invests The trial court with jurisdiction over the person of the

-11-

Defendant, regardless of any defect that might exist in the underlying complaint. **Aguilar v. State**, 846 S.W.2d 318 (Tex. Crim. App. 1993).

### Dismissal Standard

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. **Hishon v. King and Sibalding**, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L.Ed. 2d 59 (1984). In considering a motion to dismiss, whether on the ground of lack of subject matter jurisdiction or for failure to state a claim, the complaint is construed in the light most favorable to the pleader and all allegations therein are taken as true. See **Scheuer v. Rhodes**, 416 U.S. 232, 94 S. Ct. 1683; 40 L. Ed. 2d 90 (1974) see also **Wright and Miller, Federal Practice and Procedure**: Civil 2d §§ 1350, 1357.

When ruling on a 12(b)(6) motion to dismiss for failure to state a claim, the court may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint, and matters of which judicial notice may be taken. See **Samuels v. Air**

-12-

**Transip. Local 504**, 992 F.2d 12, 15 (2d Cir. 1993).   In deciding such a motion, the Court must merely determine whether the allegations of the complaint constitute a statement of claim under the liberal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.   See **Badillo-Santiago v. Andreu-Garcia**, 70 F. Supp. 2d 84, 86 (D.P.R. 1999).

## IV. Conclusion:

The Supreme Court found that a lower Federal Court's inability to review state court judgments does not deprive it of jurisdiction simply because a party attempts to litigate in Federal Court a matter previously litigated in state court.   If a Federal Plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party…, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion. (Citation omitted).   Judge Rinder did not reach a legal conclusion to Dexter's kidnapping charge while the kidnapping charge was never alleged in Judge Cutler's court.   Accordingly, Dexter's allegation of

**-13-**

Jennifer's kidnapping of the children as asserted through the PKPA is an independent claim brought before this court.

In **Davani v. Virginia Department of Transportation**, No.05-1432 (4th Cir. January 17, 2006) the Fourth Circuit narrowed its previously expansive interpretation of the Rooker-Feldman doctrine in light of recent Supreme Court precedent.

The Court found that the district court incorrectly dismissed the plaintiff's claim under Rooker-Feldman. The plaintiff, an employee of the Virginia Department of Transportation, filed a grievance over disciplinary warnings given to him and his subsequent termination. A hearing officer upheld the termination, and the plaintiff appealed to the Circuit Court of Fairfax County. The circuit court dismissed the appeal, so the Plaintiff filed suit in Federal Court alleging he was discriminated against on the basis of race, national origin, and religion. The District Court dismissed the suit, citing Rooker-Feldman. Applying the new, narrower view of the doctrine, the Fourth Circuit reversed and remanded the case. The Court explained that:

-14-

> **Exxon Mobile Corp. v. Saudi Basic Indus. Corp.**,
> 125 S. Ct. 1517 (2005)… significantly altered
> this circuit's interpretation of the Rooker-
> Feldman doctrine.    Under our prior cases, the
> Rooker-Feldman doctrine had been interpreted
> broadly to provide that the loser in a state
> court adjudication was barred from bringing suit
> in Federal Court alleging the same claim or a
> claim that could have been brought in the state
> proceedings. **Exxon** teaches, however, that the
> Rooker-Feldman doctrine applies only when the
> loser in state court files suit in Federal
> District Court seeking redress allegedly caused
> by the state's court's decision itself.

The Court held that "because Davani's suit does not
challenge the state court's decision, and it instead seeks
redress for an injury allegedly caused by the Appellees,
the Rooker-Feldman doctrine does not apply and the District
Court's dismissal of Davani's complaint was in error."
Dexter is seeking enforcement of a visitation order through
the PKPA as a result of Jennifer's kidnapping of his
children.    He is seeking redress for an injury caused by
the defendant, namely the kidnapping of his children.
The Court is reminded that a parent denied custody does not
thereby lose his natural right to visit his children,
though the right may be denied if the best interest of the
child so demands.[3]  Visitation with a non-custodial parent

---

[3] Am Jur. 2d Divorce and Separation § 973.

Should only be denied in cases of abuse, neglect, or harm to the child as evidenced by a specific showing of detriment.[4]   A non-custodial parent cannot be deprived of visitation rights solely by reason of his inability to pay child support.[5]   Jennifer refuses to complete the necessary forms for her to receive child support and Social Security benefits for the children as evidenced by Dexter's affidavit.

In *arguendo*, should the Court decide that Hawaii is the state of jurisdiction, how long will it be before Jennifer changes her telephone number and her residential address as well as her mailing address?   What is to become of this "fugitive" from the law?   What about Dexter's parental rights?   How much longer will this "cat and mouse" game continue?   The Court must intervene and stop this injustice.   The Court must not offend traditional notions of fair play and substantial justice.[6]   For all of the reasons and arguments stated in this brief, the Court must allow this case to continue.

-16-

---

[4]   <u>Boswell v. Boswell</u>, 352 Md. 204, 721 A.2d 662 (1998)
[5] Am Jur. 2d, Divorce and Separation § 974.

[6] <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945).

DATED this _____8^{TH}_____ day of March 2006


By: _____
Dexter Ivie, Plaintiff


## CERTIFICATE OF SERVICE

The following documents: OPPOSITION TO MOTION TO
DISMISS/SUMMARY JUDGMENT, AFFIDAVIT OF DEXTER IVIE,
(Exhibits will be faxed) and this Certificate of Service
served on the following:


Eric D. Conard, Esq.
Law Office of Eric D. Conard, LLC
832 South Colony Way
Palmer, Alaska 99645

746-6229 Office
746-6296 Fax

_____✓_____ IN PERSON    _____ VIA FIRST CLASS MAIL


DATED this _____8^{TH}_____ day of March 2006


By: _____
Dexter Ivie, Plaintiff


**-17-**