Dexter L. Ivie
P.O. Box 879073
Wasilla, Alaska 99687

(907) 232-4562

RECEIVED
MAR 0 9 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE ALASKA

**IN THE DISTRICT COURT OF LEAVENWORTH COUNTY, KANSAS**

| | |
|---|---|
| Dexter L. Ivie )<br>)<br>Plaintiff )<br>)<br>)<br>v. )<br>)<br>)<br>Jennifer L. Burns )<br>)<br>Defendant )<br>_____ ) | Case No. 2003 DM 741 |

**PETITION TO RE-DIRECT CHILD SUPPORT PAYMENTS INTO A SEPARATE TRUST ACCOUNT FOR THE CHILDREN**

Plaintiff Dexter L. Ivie petitions the District Court in Leavenworth County, Kansas to re-direct Dexter's child support payments into a trust account for the children. Dexter has not seen or spoken to his children in over four years. Jennifer Burns continues to be in serious violation of the court order issued by Judge Beverly Cutler. She has in legal effect, kidnapped the children causing harm to Dexter. She has NOT filed any Motion for an Order to Show Cause in either Alaska or Kansas. The court is requested

SCANNED

EXHIBIT 3
PAGE 1 OF 10

to review Judge Cutler's Order as it was originally issued in Palmer, Alaska [Exhibit 1] Since the original issuance of this order by Judge Cutler, neither party has filed any kind of Motion to Modify. Accordingly, the original court order is valid and legally binding on both parties. Dexter has obeyed this court order while Jennifer Burns continues to disobey this order with impunity.

Dexter has been wrongfully denied contact with his children. Jennifer's sole intent is to prevent Dexter from ever seeing his children again. Jennifer Burns continues to beat the system, i.e. the legal system and she must be stopped before Dexter incurs irreparable harm. This court is urged to consider sanctions or to issue an injunction, even a temporary one. Dexter maintains full visitation rights. These rights must be honored and implemented.

Interestingly, in a similar motion concerning jurisdiction, the Circuit Court of Henry County Missouri ruled that jurisdiction was appropriately sent back to the State of Alaska. [Exhibit 2] The State of Alaska decides to play "volley ball" and sends jurisdiction to the State of Kansas. [Exhibit 3] Dexter does not know where Jennifer is living do to her continuing refusal to comply with the

-2-

EXHIBIT 3
PAGE 2 OF 10

Alaska decree of Divorce. [Exhibit 1] His legal right to the Full Faith and Credit Clause of the United States is being and continues to be denied. (Emphasis Added) In this time period, Dexter has not seen or talked to his children for over four years. He files suit against Jennifer Burns and Dorothy Marsh for Contempt of Court and for jurisdiction to continue in Alaska because he did not know what city in Kansas and which Kansas court to file do to Jennifer's refusal to comply with Judge Cutler's order.

Tragically, it took Dexter's most recent lawsuit for Jennifer Burns to communicate to him through her attorney, Arthur A. Tejeda, that jurisdiction was in the District Court of Leavenworth County, Kansas by her motion filed on December 6, 2002. [Exhibit 4] Jennifer purports that she is attempting to serve Dexter this motion when her attorney fully knows Dexter's cell phone number and mailing address. In fact, Mr. Tajeda knew Dexter's correct mailing address before December 28, 2002. [Exhibit 5] This cell phone number and mailing address has not been changed for years and years. It is July 2003 - and the motion that Jennifer is attempting to serve on Dexter HAS NOT BEEN SERVED!

-3-

EXHIBIT 3
PAGE 3 OF 10

## PARENTAL KIDNAPPING AND PREVENTION ACT
## PKPA and Violations of this Federal Statute

Parental kidnapping is the abduction and/or concealment of a child without the consent of the other parent. Child snatching, child stealing, and child abduction are synonymous with parental kidnapping. This summarizes what Jennifer Burns has done to Dexter's children.

The Parental Kidnapping Prevention Act of 1980 [PKPA] provides the Federal Enforcement Mechanism for ensuring that states honor the custody determinations of other states. The key provision of the [PKPA] requires the courts of every state to **enforce**, rather than modify, custody and visitation orders made by courts already exercising jurisdiction. [in this instance, a Kansas Court] This was not the intention of Jennifer Burns when she filed a Motion to Modify Custody on December 6, 2002 in the District Court of Leavenworth County Kansas. Clearly showing that Jennifer Burns was acting in bad faith especially when she purports to be in the process of serving Dexter this motion. Seven months later, this has not happened. Once a state exercises jurisdiction consistent with the provisions of the PKPA, no other state

-4-

EXHIBIT 3
PAGE 4 OF 10

may exercise concurrent jurisdiction over the custody dispute, even if it would have been empowered to take jurisdiction in the first instance, and **all** states must accord full faith and credit to the to the first state's ensuing custody decree. [in this instance, the State of Alaska] see **Thompson v. Thompson**, 484 U.S. 174, 177 (1988) citing the Parental Kidnapping and Prevention Act of 1980. see 28 U.S.C. § 173 8A (g) (1994).

The effect of the Supreme Court's decision in **Thompson,** was not only to limit concurrent jurisdiction between the states, but also to keep the parties from bouncing state to state and finally into Federal Court to delay the proceedings. Interestingly, Jennifer Burns filed motions in the District Court of Henry County in Missouri under Missouri law. She moves to Kansas hoping to garner Kansas law but the PKPA supercedes the state of Kansas in this matter. See **31 U. Miami Inter-Am. L. Rev. 323**

Jennifer Burns may be in serious violation of the PKPA. She has taken Dexter's children without his consent. Further compounding this violation is that Jennifer is in contempt of the Alaska Custody decree both civilly and criminally.

Dexter petitions this court to have his child support

-5-

EXHIBIT 3
PAGE 5 OF 10

payments direct deposited into a separate trust account for the children. Dexter has faithfully paid his child support through the years. While at the same time, Jennifer Burns has in legal effect, terminated Dexter's parental rights *de facto*. Jennifer Burns is in civil and criminal contempt of the Alaska Custody and Divorce Decree along with violating the PKPA. The Kansas court must not allow her egregious behavior to continue.

In 1998, the Visitation Rights Enforcement Act was established. This act ensures that grandparents <u>will have **the same right**</u> as parents do when it comes to exercising parental rights. If grandparents have the same right as parents, this fact coupled with the Alaska Decree of Divorce more than qualifies Dexter to have visitation rights per the Honorable Beverly J. Cutler, Superior Court Judge for the State of Alaska. What law allows Jennifer Burns to "override" Judge Cutler's order and the PKPA? President George W. Bush does not have this power.

This showing is made before the Kansas District Court that Jennifer's actions are both illegal and in bad faith. The Kansas District Court is urged to grant Dexter's Petition until Jennifer Burns complies with Judge Cutler's order. Dexter loves his children and has not seen or talked to

-6-

EXHIBIT 3
PAGE 6 OF 10

them in four years. Jennifer has been enjoying the benefits of the Palmer Court order, at Dexter's expense, while reneging on her responsibilities to that order. Dexter's Petition is grounded in law, has merit, and is brought in good faith before the Kansas Court.

DATED this 20, day of Aug, 2003

By: _____
Dexter L. Ivie,          Petitioner

-7-

EXHIBIT 3
PAGE 7 OF 10

Dexter L. Ivie
P.O. Box 879073
Wasilla, Alaska 99687

(907) 232-4562

**IN THE DISTRICT COURT OF LEAVENWORTH COUNTY, KANSAS**

| | |
|---|---|
| Dexter L. Ivie, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) |
| | ) |
| Jennifer L. Burns, | ) |
| | ) |
| Respondent | ) |
| | ) Case No. 2003 DM 741 |

**MOTION TO ADDRESS THE MERITS OF CASE NO. 3PA-98-157 CI IN WHICH JURISDICTION HAS BEEN RELINQUISED TO THE STATE OF KANSAS AND FOR THE COURT TO RULE ON ALL OUTSTANDING MOTIONS IN CASE NO. 3PA-98-157 CI**

On June 27, 2002—the honorable Beverly Cutler relinquished jurisdiction to the state of Kansas in Case No. 3PA-98-157 CI. See [Exhibit 1] Upon information and available documentation, the chilldren reside in the state of Kansas. Alaska relinquished jurisdiction to Kansas under the following Alaska statutes: AS 25.30.310(a) and AS 25.30.360. In its final order the court states as follows: "This court is confident that the courts of all states highly value parent-child relationships and will make

EXHIBIT 3
PAGE 8 OF 10

strong efforts to ensure that court orders in custody cases give children an opportunity to have a physically and emotionally safe relationship with each parent."

Upon these underlying principles and applicable Kansas Court Rules and Procedure, Dexter Ivie respectfully moves this court to accept Alaska's relinquished jurisdiction and to rule on the remaining outstanding motions. Dexter also seeks enforcement of visitation rights under KSA 23-701 and full faith and credit afforded to him in the original decree of divorce and in the findings of fact and conclusions of law dated February 26, 1999. [A copy of the original divorce decree is on file in this Kansas court].

Respectfully submitted,

DATED this 10TH day of March 2004

By: _____
Dexter Ivie,         Petitioner

-2-



EXHIBIT 3
PAGE 9 OF 10

Dexter L. Ivie
P.O. Box 879073
Wasilla, Alaska 99687

(907) 232-4562

### IN THE DISTRICT COURT OF LEAVENWORTH COUNTY, KANSAS

| | |
|---|---|
| Dexter L. Ivie, | ) |
| Petitioner | ) ) ) ) ) |
| vi. | ) ) ) |
| Jennifer L. Burns, | ) ) |
| Respondent | ) ) **Case No. 2003 DM 741** |

### ORDER

By way of previously filed affidavit, the petitioner is unable to locate the respondent to serve her this motion. Therefore, IT IS ORDERED that this motion is GRANTED.

DONE this _____ day of _____ 2004

_____
Gunnar A. Sundby,   District Judge
                    First Judicial District

EXHIBIT 3
PAGE 10 OF 10