IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DEXTER IVIE,<br><br>     Plaintiff,<br><br> vs.<br><br>JENNIFER BURNS,<br><br>     Defendant. | Case No. 3:05-cv-0117-TMB<br><br>O R D E R |

## INTRODUCTION

Before the Court is Defendant Jennifer Burns's motion to dismiss, or alternatively for summary judgment. Docket No. 9. Plaintiff Dexter Ivie, proceeding pro se, filed a thorough opposition to the motion. Docket No. 13 (Opp'n). Noting that Ivie did not receive the standard notice to pro se litigants who are faced with defending against a dispositive motion, the Court provided Ivie with an outline of Federal Rules of Civil Procedure 12(b) and 56, and gave him an opportunity to file an additional opposition. Docket No. 15. Ivie did file a supplemental opposition, as well as a motion to hold Burns's motion in abeyance, and a motion to amend his complaint. Docket Nos. 18; 17; 16. No reply was filed to either opposition and the motion is now ripe for adjudication.

## BACKGROUND

Ivie and Burns were divorced in 1999. Following a trial in Palmer Superior Court before Judge Cutler, Burns was given sole legal and primary physical custody of the couple's two children. *See* Docket No. 1, Ex. 1 at 2. In the findings of fact and conclusions of law issued by Judge Cutler, Burns is expressly allowed to move out of Alaska with the children. *Id*. Several years later, Ivie

1

initiated further action before Judge Cutler regarding his visitation rights. Docket No. 1, Ex. 3. Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, AS 25.30.300, Judge Cutler relinquished jurisdiction over the matter to the state where the children were residing with Burns. Judge Cutler noted Ivie's concerns about parental alienation syndrome, and stated: "As a practical matter, no therapy can easily be done to restore [Ivie's] relationship with the children and to 'undo' parental alienation, if it existed, unless [Ivie] physically locates himself near enough to the children for a period of time long enough to engage in such therapy." *Id.* at 1–2. Instead of instituting an action in Burns's domicile, Ivie chose to stay in Alaska and bring another case in Anchorage Superior Court before Judge Rindner. In light of Judge Cutler's earlier ruling, Judge Rindner dismissed Ivie's custody related claims for lack of subject matter jurisdiction and entered final judgment. Docket No. 10, Ex. B. Ivie then instituted this case. Ivie argues that Burns has not complied with Judge Cutler's original custody order by not informing him of the children's whereabouts and has thereby violated the Parental Kidnapping Prevention Act ("PKPA"), 28 U.S.C. § 1738A.

## DISCUSSION

A complaint will not be dismissed for failure to state a claim pursuant to Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957); *see also SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). For purposes of a motion to dismiss, all material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *SmileCare*, 88 F.3d at 782–83.

> To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2). Rule 8(a)(2) requires only that the complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."

*Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Even where recovery is unlikely based on the pleadings, a plaintiff may still offer evidence in support of the complaint. *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

ORDER

Where a party moves to dismiss based upon failure to state a claim, matters outside the pleadings may be presented and the motion is treated as a motion for summary judgment. The standards for summary judgment are well settled. Federal Rule of Civil Procedure 56 dictates that "[a] party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may . . . move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." Fed. R. Civ. P. 56(a); *see also* Fed. R. Civ. P. 56(b) (providing the same standard for parties defending a claim). Summary judgment is appropriate if the Court finds that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court will construe all evidence and draw all evidentiary inferences in favor of the nonmoving party. 10A Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 2727, at 459 & n.5 (3d ed. 1998) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970)).

Under the PKPA, states are required to afford full faith and credit to the custody determinations of other states. *Thompson v. Thompson*, 484 U.S. 174 (1988). In enacting the PKPA, "Congress' principal aim was to extend the requirements of the Full Faith and Credit Clause to custody determinations, and not to create an entirely new cause of action." *Id.* The PKPA does not provide Ivie with a claim upon which relief can be granted. Therefore, construing the complaint and all inferences in the light most favorable to Ivie, this case must be dismissed.

Ivie filed additional motions in an apparent attempt to breathe life into this suit. First, he moves to amend the complaint to add several claims that Burns violated the rights guaranteed to him by the Fourteenth Amendment. The Fourteenth Amendment can only be violated by conduct that can be fairly characterized as state action. *See Luger v. Edmonson Oil Co.*, 457 U.S. 922, 924 (1982). Thus, Ivie's amendment would not save this suit. Second, he moves to hold Burns's motion in abeyance to allow him an opportunity to conduct discovery. No amount of discovery, no matter how compelling, could manufacture a cause of action where none exists as a matter of law.

ORDER

This Court cannot provide Ivie with any recourse. The Court notes, however, that Ivie was able to serve Burns in Hawaii. Knowing where the children are, Ivie may choose, as Judge Cutler earlier suggested, to travel to Hawaii and institute additional custody proceedings there.

**IT IS THEREFORE ORDERED**:

The motion at **Docket No. 9** is **GRANTED**. The motion to amend at **Docket No. 16** is **DENIED**. The motion to hold the motion in abeyance at **Docket No. 17** is **DENIED**. This case is **DISMISSED**.

Dated at Anchorage, Alaska, this  15  day of May 2006.

      /s/ Timothy M. Burgess
**TIMOTHY M. BURGESS**
United States District Judge

ORDER